NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3402

MAURICE GRAYTON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

———————————

DECIDED:  May 9, 2005

———————————

Before SCHALL, Circuit Judge, ARCHER, and PLAGER, Senior Circuit Judges.

PER CURIAM.

DECISION

Maurice Grayton petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the reconsideration decision of the Office of Personnel Management ("OPM") denying his application for disability retirement benefits under the Federal Employees' Retirement System.  Grayton v. Office of Pers. Mgmt., No. SF-844E-03-0322-I-1 (July 22, 2004) ("Final Decision").  We affirm.

DISCUSSION

I.

On February 25, 2002, Mr. Grayton, an employee of the Social Security Administration ("SSA"), applied for disability retirement under the Federal Employees' Retirement System. Mr. Grayton indicated that he had post traumatic stress disorder ("PTSD"), chest pains, and degenerative arthritis. OPM denied Mr. Grayton's application, noting that Mr. Grayton's conditions existed prior to entry into his SSA position. It also found no evidence to suggest that Mr. Grayton's condition had worsened since he began working for SSA.

Mr. Grayton appealed to the Board. The administrative judge ("AJ") to whom the case was assigned upheld OPM's denial of Mr. Grayton's disability retirement application. Grayton v. Office of Pers. Mgmt., No. SF-844E-03-0322-I-1 (July 10, 2003) ("Initial Decision"). The AJ considered Mr. Grayton's 30% disability rating as a veteran, but noted that Mr. Grayton had been receiving those benefits two years before he began working for SSA. The AJ also determined that Mr. Grayton had not produced sufficient medical documentation to support his assertion that his PTSD worsened as a result of an OPM background investigation. Further, the AJ noted that Mr. Grayton was awarded benefits by the Social Security Administration in February of 2003. The AJ determined, however, that this award "does not outweigh the otherwise inconsistent and inadequate medical evidence presented by the appellant in this appeal." Initial Decision, at 7. The Initial Decision became the final decision of the Board on July 22, 2004, after the Board denied Mr. Grayton's petition for review for failure to meet the

criteria for review set forth at 5 C.F.R. § 1201.115(d).  <u>Final Decision</u>.  This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our review of OPM's determination of a disability retirement application is limited. We are precluded by 5. U.S.C. § 8461(d) from reviewing the Board's factual determinations on physical disability.  <u>Anthony v. Office of Pers. Mgmt.</u>, 58 F.3d 620, 626 (Fed. Cir. 1995).  We may only address whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination."  <u>Id.</u> (citations omitted).

Mr. Grayton's sole contention on appeal is that the Board erred because it did not follow the disability determination of the Veterans Administration and the Social Security Administration.  He does not assert that the Board's disability findings implicated any procedural, legal, or other fundamental error.  He simply asserts that the Board wrongly weighed the evidence. This is a claim we may not consider.   Because Mr. Grayton failed to put forward an argument that we may consider, we may not disturb the decision of the Board.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.